UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                            CRIMINAL NO. 3:17-CR-103-DPJ-LGI

MICHAEL ERVIN

ORDER

Defendant Michael Ervin has filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). Mot. [30]. Because Ervin hasn't shown he exhausted his administrative remedies as required by that statute, his motion is denied without prejudice.

I.      Facts and Procedural History

On September 7, 2017, the federal grand jury indicted Ervin in a single-count indictment for being a felon in possession of a firearm. Ervin pleaded guilty on December 12, 2017, and on March 12, 2018, the Court sentenced Ervin to a within-guidelines sentence of 100 months' incarceration.

Ervin is currently housed at FCI Yazoo City Low, a low-security correctional institution in Yazoo City, Mississippi. That facility is located on the same campus as a medium-security facility and a high-security facility. As of March 15, 2021, zero inmates and five staff members at FCI Yazoo City Low have active cases of COVID-19. Between the medium-security and high-security facilities on the same campus, there are currently 22 active inmate cases of COVID-19 and 13 active staff cases. To date, three FCI Yazoo City Low inmates have died from the virus, and 84 have recovered from COVID-19. And as of March 15, 2021, 263 staff members at the Yazoo City complex and 113 inmates between the three facilities have been fully vaccinated against the virus.

According to the Bureau of Prisons (BOP) website, Ervin is scheduled to be released on December 14, 2024.  Ervin tested positive for COVID-19 on April 2, 2020, and he became quite ill.  Due to this prior case of COVID-19, he fears he could face significant complications if he contracts the virus again during his incarceration.  So, he asks the Court to modify his sentence and order his release.

II.     Analysis

Compassionate-release motions arise under 18 U.S.C. § 3582(c)(1)(A)(i), which provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

"The text . . . outlines two routes a defendant's motion can follow to be properly before the court. Both routes begin with the defendant requesting that 'the Bureau of Prisons' 'bring a motion on the defendant's behalf.'"  *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Government argues that Ervin has not shown he exhausted his administrative remedies by first asking the Bureau of Prisons to move for a sentence modification on his behalf.  For his part, Ervin never suggests he exhausted, instead asserting that the Government hasn't proven that he *didn't* exhaust; he argues in the alternative that the Court should waive the exhaustion requirement.  Def.'s Reply [35] at 2–4.  But Ervin cites no authority for his argument

that the Government bears the burden of proving a negative—that he failed to exhaust—and caselaw seems to indicate the opposite. *See, e.g.*, *United States v. James*, No. 13-85, 2020 WL 4676292, at *3 (E.D. La. Aug. 12, 2020) ("Defendant bears the burden to show that [s]ection 3582(c)(1)(A)'s exhaustion requirements are satisfied.") (citing *United States v. Davis*, No. 07-375, 2020 WL 2838588, at *2 (E.D. La. June 1, 2020); *United States v. Van Sickle*, No. 18-250, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases)). Ervin has not shown that he exhausted under the statute.

Compliance with the statutory exhaustion "requirement is mandatory." *Franco*, 973 F.3d at 468 (5th Cir. 2020). "And because the government properly raised the rule in the district court, th[e] 'court must enforce the rule.'" *Id.* (quoting *Pierre-Paul v. Barr*, 930 F.3d 684, 692 (5th Cir. 2019)). Ervin may file a new motion under § 3582(c)(1)(A) after he exhausts as the statue requires.[1]

III.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Ervin's Motion for Compassionate Release [46] is denied without prejudice. Ervin may file another motion under § 3582(c)(1)(A) if he exhausts as required by that statute.

**SO ORDERED AND ADJUDGED** this the 16th day of March, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Were the Court to consider the merits of Ervin's motion, it would still deny it. Ervin has not demonstrated the presence of extraordinary and compelling reasons warranting a sentence modification, consistent with the Sentencing Commission's applicable policy statement. Nor has he shown that the § 3553(a) factors support a sentence modification.