UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                   CRIMINAL NO. 3:17-CR-103-DPJ-LGI

MICHAEL ERVIN

ORDER

On September 25, 2022, Defendant Michael Ervin wrote the Court asking it to "check into an error made in" his case; the Clerk of Court docketed the letter as a motion. *See* Def.'s Mot. [41] at 1. For the following reasons, the motion is denied.

I.  Background

Ervin's recent motion is best described as a motion for reconsideration of the order denying his March 1, 2021 motion to alter his sentence. In his first motion, Ervin asked the Court to remove the four-point enhancement he received when the Court calculated his guideline range. *See* Mot. [34] at 1. That enhancement was based on U.S.S.G. § 2K2.1(b)(6)(B), which adds four points when a defendant "used or possessed any firearm or ammunition in connection with another felony offense"—in this case felony drug possession. Ervin argued in his first motion that, under the First Step Act, he could be sentenced only "with what's on my Indictment and that's [18 U.S.C. §] 922(g)." *Id.* He further noted that that he was never charged with or convicted of any drug offenses. *Id.* The Court denied that motion because "nothing in the First Step Act states that the enhancement in § 2K2.1(b)(6)(B) can apply only if the Government charges the defendant with the "[]other felony offense." Order [40] at 2. Ervin reasserts those same arguments in his present motion.

II.     Standards

Ervin cites no procedural rules in his motion, but requests to alter an order in a criminal case are typically addressed under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *United States v. Garrett*, 15 F.4th 335, 339 (5th Cir. 2021).  When, as in this case, a defendant files such a motion more than 28 days after the disputed order, courts apply Rule 60(b).  *Id.*

> A party seeking relief under Rule 60(b) must show:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; or (6) any other reason that justifies relief.

*Holloway v. Banks*, No. 5:11-CV-143-DCB-JMR, 2013 WL 5308003, at *3 (S.D. Miss. Sept. 19, 2013).

III.    Analysis

As in his first motion, Ervin states that the "4 level enhancement (924(a)) that the court errored in it being in my indictment I wasn't charged with a 924(a)."  Mot. [41] at 1 (unaltered). He further claims that the Court has authority under the First Step Act to remedy the alleged errors.  *Id.*

Ervin's motion is incorrect in four ways.  First, the Indictment expressly references § 924(a)(2):

2

> That on or about July 13, 2017, in Hinds County, in the Northern Division of the Southern District of Mississippi, the defendant, **MICHAEL ERVIN a/k/a Michael Irving,** having been convicted previously of a felony, that is a crime which is punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate or foreign commerce a firearm and/or ammunition.
>
> In violation of Sections 922(g)(1) and 924(a)(2), Title 18, United States Code.

Indictment [4] at 1. At the time Ervin was charged, § 924(a)(2) provided a 10-year maximum penalty for violating § 922(g). Second, the four-level guideline enhancement was not imposed due to § 924(a)(2), it was imposed under § 2K2.1(b)(6)(B) of the sentencing guidelines. Third, the application notes to § 2K2.1(b)(6)(B) explain that the enhancement applies "regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 cmt. n.14(C). Finally, the First Step Act does not address the relief he seeks. *See* Order [40] at 2. Ervin has not explained why the Court's initial holding was incorrect, and he has offered no valid basis under Rule 60(b) to relieve him from the Court's previous holding.

Lastly, Ervin asks the Court to "appoint [him] effective conselor [sic] immediately." Mot. [41]. He cites no authority for his request for counsel, and the Court concludes the interest of justice does not require that counsel be appointed.

IV.  Conclusion

Ervin's motion [41] is denied.

**SO ORDERED AND ADJUDGED** this the 26th day of October, 2022.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE